UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE D. CROSS,<br><br>    Plaintiff,<br><br>v.<br><br>123 CREDIT RESTORATION, doing business as, 123CREDIT.US,<br><br>    Defendant, | CASE NO.: 4:23-cv-00106<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** MICHELLE D. CROSS ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of 123 CREDIT RESTORATION, doing business as, 123CREDIT.US ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.*, and the Missouri Credit Services Organizations Act ("MCSOA") under MO. Stat. § 407.635 *et seq.,* stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental Jurisdiction exists as to Plaintiff's claim pursuant to MO. Stat. § 407.635 *et seq.*

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District Of Missouri and Defendant conducts business in the Eastern District Of Missouri,

and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District Of Missouri.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Florissant, Missouri.

5. Defendant is a credit repair organization that claims to "remove negative items under the Fair Credit reporting Act and stop third-party creditors from collecting money you owe legally under the Fair Debt Collection Practices Act."[1] Defendant is a professional corporation that maintains its principal place of business at 287 Genesee St. Suite 115 Utica, NY 13501.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. At some point in July 2022, Plaintiff was interested in improving her credit rating by resolving various debts that were appearing on her credit reports.

8. Plaintiff subsequently happened upon Defendant's services.

9. Initially, Plaintiff reached out to inquire information of Defendant's services and what Defendant could promise her in return for her business.

10. After speaking with Defendant and getting an idea of its services, Plaintiff entered into a contract with Defendant for the provision of credit repair services given Defendant's representations that its program would be able to help Plaintiff resolve her debts, and increase her credit score within 90 days.

---

[1] https://123creditrestoration.com/ (last visited in January, 2023).

11. Plaintiff was explicitly informed that if she paid an upfront fee of approximately $200 to Defendant, then Defendant would be able to improve her credit rating, and resolve outstanding debts negatively reporting within 90 days or guaranteed her money back.

12. Plaintiff completed the $200 payment to Defendant with the intended purpose of improving her credit rating and remove negatively reporting trade lines.

13. On or around July 6, 2022, Plaintiff reached out to Defendant to inquire about removing trade lines reporting her student loans.

14. Defendant explicitly informed Plaintiff that if she paid another $100 fee, then Defendant would remove the student loan trade lines from her report.

15. After completing payments to Defendant, Plaintiff was growing increasingly more dissatisfied in Defendant's failure to improve her credit rating and remove items from her report, so she expressed her concerns during an October 2022 communication with Defendant.

16. Defendant was unable to alleviate Plaintiff's concerns and failed to improve Plaintiff's credit rating despite taking multiple payments from Plaintiff's prior to completing services.

17. Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's credit repair services.

18. Furthermore, Defendant repeatedly suggested to Plaintiff that it was working on sending credit disputes on her behalf as a means to more promptly address the issues on Plaintiff's credit reports; however, Defendant's conduct in this regard deceptively and misleadingly

represented the extent to which the credit reporting agencies are obliged to respond to credit disputes submitted by credit repair organizations.

19. Dissatisfied with the significant sums of money paid for deficient credit repair services, Plaintiff cancelled her contract with Defendant after approximately 90 days of service.

20. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, as well as numerous violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

24. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

4

  a.  **Violations of CROA § 1679b(a)**

  25.  The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

  26.  Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. In order to get Plaintiff to agree to utilize Defendant's services, Defendant represented that its services would result in an increase in her credit score, and resolve her debts within 90 days; however, Defendant completely failed to follow through on these promises or the services it represented it would perform for Plaintiff.

  27.  Further, Defendant violated the CROA when it deceptively represented to Plaintiff that its disputes would be responded to by the credit reporting agencies. Inherent with Defendant's representations was the notion that there would be an obligation for an investigation to be triggered by Defendant's submission of a credit dispute on Plaintiff's behalf. However, pursuant to 12 C.F.R. § 1022.43(b)(2), the credit reporting agencies are under no obligation to respond to disputes submitted by credit repair organizations like Defendant.

  b.  **Violations of CROA § 1679b(b)**

  28.  The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance

5

of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

29. Respondent violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Respondent's practice of charging a retainer for services upfront, before such services is performed, is inherently in violation of the CROA. Respondent similarly withheld sums for credit repair services it never actually performed.

**WHEREFORE**, Plaintiff, MICHELLE D. CROSS, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MISSOURI CREDIT SERVICES ORGANIZATION ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "buyer" as defined by MO. Stat. § 407.635.(1).

32. Defendant is a "credit services organization" as defined by MO. Stat. § 407.637(1).

    a.  **Violation of MCSOA § 407.638**

33.    The MCSOA, pursuant to MO. Stat. § 407.638, provides a list of prohibited conduct for credit services organizations.

34.    Pursuant to § 407.638(1), credit services organization cannot "Charge a buyer or receive from a buyer money or other valuable consideration before completing performance of all services the credit services organization has agreed to perform for the buyer,..."

35.    As outlined above, Defendant violated the above referenced provisions of the MCSOA in much the same way it violated 15 U.S.C. §§ 1679b(b).

36.    Pursuant to § 407.638(3), credit services organization cannot "Make or use a false or misleading representation in the offer or sale of the services of a credit services organization..."

37.    Similarly, pursuant to § 407.638(4), a credit services organization cannot "[e]ngage, directly or indirectly, in a fraudulent or deceptive act, practice or course of business in connection with the offer or sale of the services of a credit services organization;"

38.    As outlined above, Defendant violated the above referenced provisions of the MCSOA in much the same way it violated 15 U.S.C. §§ 1679b(a)(3)-(4).

**WHEREFORE**, Plaintiff, MICHELLE D. CROSS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.    Awarding Plaintiff actual damages pursuant to MO. Stat. § 407.644;

    c.    Awarding Plaintiff punitive damages pursuant to MO. Stat. § 407.644;

    d.    Enjoin Defendant from further violations of law pursuant to MO. Stat. § 407.644;

   e.  Awarding Plaintiff's costs and reasonable attorney fees, pursuant to MO. Stat. § 407.644; and,

   f.  Awarding any other relief the Honorable Court deems just and appropriate.

Dated: January 30, 2023            Respectfully submitted,

                     */s/ Marwan R. Daher*
                     Marwan R. Daher, Esq.
                     Sulaiman Law Group, Ltd.
                     2500 S Highland Ave, Suite 200
                     Lombard, IL 60148
                     Telephone: (630) 537-1770
                     Fax: (630) 575-8188
                     mdaher@sulaimanlaw.com
                     *Counsel for Plaintiff*